**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary Allen SCHLAKE, Defendant– Appellant.**

No. 07–30145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2008.

Filed Jan. 18, 2008.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff– Appellee.

Daniel V. Donovan, Esq., Thompson Potts & Donovan, PC, Great Falls, MT, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

We reject Schlake's argument that the evidence was insufficient under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to show that he enticed or induced the 13–year–old girl as the statute requires. We held in *United States v. Dhingra*, 371 F.3d 557, 568 (9th Cir.2004), that it was a "misstatement of law" to instruct the jury that the defendant in such a case must be acquitted if the sexual conduct was the victim's idea. The basis for our holding was that "[t]he victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation." *Id.* at 567. Schlake's e-mails asking about a "way we could hook up alone," and subsequently extolling the victim's sexual attractiveness and describing in great detail the sexual pleasures he proposed to give her sufficed to satisfy the statutory language at 18 U.S.C. § 2422(b), "persuades, induces, entices."

Schlake's double jeopardy argument is meritless because he was not put twice in jeopardy "for the same offense." U.S. Const. amend. V. Committing the same crime on two separate occasions is not "the same offense."

The district court did not err in imposing a two-level adjustment for misrepresentation of age. As Schlake admitted, in the case involving the FBI agent pretending to be a 15–year–old girl, "he had represented his age as 22 on the internet in order to make himself more attractive to younger, juvenile girls." Although he did not misrepresent his age in his e-mails to the real 13–year–old girl he had sexual intercourse and other activities with (as

opposed to the FBI agent in the other crime), he admitted that he portrayed himself in his profile as someone a decade younger than he was for the express purpose of making himself more attractive to younger females and he sent the 13–year–old a photocopy of his college identification card, suggesting that he was the age of most college undergraduates.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.